**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Jennifer Chandler, et al. v. Ameriquest Mortgage Company, et al.*; Case No. C.A. 07-00310 | |

**DEFENDANT PARK PLACE SECURITIES INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant PARK PLACE SECURITIES INC. ("Defendant"), by and through its attorneys, answers the Amended Complaint of Plaintiffs JENNIFER CHANDLER, MACKENZIE WILLIAMS, ANTHONY and LORRAINE RAIA ("Plaintiffs") as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1.   This action seeks redress against Ameriquest Mortgage Company (hereinafter "Ameriquest") and Deutsche Bank National Trust Company, N.A. (hereinafter "Deutsche Bank"), as Trustee of Ameriquest Mortgage Securities, Inc., as well as from Wells Fargo Bank, N.A., as Trustee of Park Place Securities Inc, and Citi Financial Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R, part 226 (hereinafter "Regulation Z"), and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32, (hereinafter "MCCDA").

**ANSWER:**   Defendant admits that Plaintiff has filed a lawsuit against Ameriquest. Defendant denies all remaining allegations in Paragraph 1. Defendant

**specifically denies that it violated the Truth in Lending Act and 15 U.S.C. § 1635 or Massachusetts law.**

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA) and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:    Defendant does not contest subject matter jurisdiction.  Defendant denies the remaining allegations in the paragraph.**

3.  Venue in this District is proper under 28 U.S.C. 1391(b) and (c) because Defendants conduct business in this District.  Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:    Defendant denies that venue is proper in the Northern District of Illinois pursuant to the Multi-District Litigation panel's Transfer Order based on Federal and State Constitutional grounds, including but not limited to Due Process and Equal Protection under the law.  Defendant denies any remaining allegations in the paragraph.**

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF JENNIFER A. CHANDLER

4.  Plaintiff Jennifer A. Chandler resides at 20 Village Street, South Easton, MA 02375.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5.  On or about October 12, 2005 Plaintiff Jennifer A. Chandler obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation.  All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:    The documents speak for themselves; therefore, no answer is required. Otherwise, Defendant is without knowledge or information sufficient to form**

>  a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

6. In connection with, the transaction, Plaintiff Jennifer A. Chandler received or signed the following documents:

   1. A note in the principal amount of $84,000;
   2. A mortgage;
   3. A Truth in Lending statement;
   4. A notice of right to cancel, attached as Exhibit 1;
   5. A One Week Cancellation Period form; attached as Exhibit 2; and
   6. A HUD-1 Settlement Statement.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

7. On or about August 30, 2006 Plaintiff Jennifer A. Chandler exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

8. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff-received accurate disclosures under the TILA.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

### FACTS RELATING TO PLAINTIFF MACKENZIE WILLIAMS

9. Plaintiff Mackenzie Williams resides at 235-237 Wood Ave., Boston, MA 02136.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10. On or about May 21, 2004 Plaintiff Mackenzie Williams obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were-used for personal, family or household purposes.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

11. In connection with the transaction, Plaintiff Mackenzie Williams received or signed the following documents:

   1. A note in the principal amount of $385,000;
   2. A mortgage;
   3. A Truth in Lending statement;
   4. A notice of right to cancel, attached as Exhibit 4;
   5. A One Week Cancellation Period form; attached as Exhibit 5; and
   6. A HUD-1 Settlement Statement.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

12. On or about September 18, 2006 Plaintiff Mackenzie Williams exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 6.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

### FACTS RELATING TO PLAINTIFF ANTHONY and LORRAINE RAIA

13. Plaintiffs Anthony Raia and Lorraine Raia, reside at 38 Eleventh Ave., Haverhill, MA 01830.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

14. On or about April 3, 2004 Plaintiffs Rata obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15. In connection with the transaction, Plaintiffs Raia received or signed the following documents:

   1. A note in the principal amount of $322,500;
   2. A mortgage;
   3. A Truth in Lending statement;
   4. A notice of right to cancel, attached as Exhibit 7;
   5. A One Week Cancellation Period form; attached as Exhibit 8; and
   6. A HUD-1 Settlement Statement.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

16. On or about July 17, 2006 Plaintiffs Raia exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

17. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiffs received accurate disclosures under the TILA.

**ANSWER:** To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.

## DEFENDANTS

18. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company is a corporation and that its main offices are located in Orange, California.**

19. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** **Defendant admits that at the time the Plaintiffs entered into their loans, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages. Defendant denies the remaining allegations of this paragraph.**

20. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

21. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "subprime." Defendant admits that at the time the Plaintiffs entered into their loans, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages. Defendant denies the remaining allegations of this paragraph.**

22. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Massachusetts. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 303 Congress St., 2nd Fl., Boston, MA 02110.

**ANSWER:** **Defendant admits that AMC Mortgage Services, Inc. is a corporation incorporated in a state other than Massachusetts, and that at all times relevant to these proceedings did business in Massachusetts. Defendant objects to the term "affiliate" as vague. Defendant denies the remaining allegations in this paragraph.**

23.     Defendant AMC Mortgage Services, Inc. an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company; and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant objects to the term "affiliate" as vague. Defendant admits that AMC Mortgage Services, Inc. services certain of the loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations in this paragraph.**

24.     Defendant Deutsche Bank, is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to plaintiff Mackenzie Williams' loan, as trustee.

**ANSWER:** **Defendant is informed and believes that Defendant Deutsche Bank serves as trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-R7, which includes Plaintiff Mackenzie Williams' loan. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Massachusetts. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including Plaintiff William Mackenzie. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Securities, Inc. is a corporation incorporated in a state other than Massachusetts, and that at all times relevant to these proceedings transacted business in Massachusetts. Defendant objects to the term "affiliate" as vague. Defendant denies the remaining allegations in this paragraph.**

26.    Defendant CitiFinancial Mortgage Company is a foreign corporation with its headquarters in Baltimore, MD.  Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to the following Plaintiff Jennifer Chandler.  It is joined as a necessary party.

**ANSWER:** **Defendant is informed and believes that Defendant CitiFinancial Mortgage Company (now known as CitiMortgage, Inc.) purchased Plaintiffs' loan on or about December 12, 2005.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27.    Defendant Park Place Securities, Inc., is a foreign corporation which does business in Massachusetts.  Its registered agent and office are CT Corporation System, 101 Federal St, Boston, MA 02110.  Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to the following Plaintiffs, Anthony and Lorraine Raia.  It is joined as a necessary party.

**ANSWER:** **Defendant admits that Park Place Securities, Inc. is a corporation incorporated in a state other that Massachusetts, and that at all times relevant to these proceedings did business in Massachusetts.  Defendant objects to the term "assignee" as vague.  Defendant admits that Defendant Wells Fargo Bank N.A. serves as trustee for Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-MCW1, which includes some loans originated by Ameriquest Mortgage Company, including the Raia loan.  Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 27 and on that basis denies such allegations.**

28.    Defendant Wells Fargo Bank N.A., is a foreign corporation whose Legal Department is located at 1 Home Campus, MAC X2401-067, Des Moines, IA 50328.  On information and belief, it holds legal title to plaintiffs Anthony and Lorraine Raia's loan, as trustee.

**ANSWER:** **Defendant admits that Defendant Wells Fargo Bank N.A. serves as trustee for Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-MCW1, which includes some loans originated by Ameriquest Mortgage Company, including the Raia loan.  Defendant is without knowledge or information sufficient to form a belief as to the truth of any**

**remaining allegations of paragraph 28 and on that basis denies such allegations.**

### COUNT I - TRUTH IN LENDING ACT AND/OR MCCDA

29.     Plaintiffs incorporate §§ 1-17 as if fully set out herein.

**ANSWER:    Defendant restates its answers to Paragraphs 1-17 in answer to this paragraph.**

30.     Because all of the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided under the MCCDA and or 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

31.     The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

32.     By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give each of the Plaintiffs *"clear and conspicuous"* notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and the corresponding provisions of the MCCDA.  Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

**ANSWER:    To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

33.     In the alternative, the Plaintiffs allege that any material disclosures deemed to he received by them were nevertheless defective for the following reasons:  (I) The One Week

Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case.  The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.  The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time.  The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.2e and the corresponding provisions of the MCCDA.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

34.     15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.  Mass G.I. ch. § 140D § 10(g) is identical except for citation.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

35.     The failure of the Defendants to honor/respond to the notice of rescission separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: February 3, 2009

By: /s/ Bernard E. LeSage
*Attorneys for Park Place Securities Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 13 -

**CERTIFICATE OF SERVICE**

      I, Bernard E. LeSage, hereby certify that on this 3rd day of February 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:    /s/ Bernard E. LeSage